The People of the State of Illinois ex rel. Oscar Nelson, Auditor of Public Accounts of the State of Illinois, v. Joliet Trust and Savings Bank (J. M. Killpack, as Receiver, Etc., Appellant). J. E. Morrison, Receiver, Appellee.

Gen. No. 8,648.

Opinion filed December 6, 1933.

BROWN, HAY & STEPHENS, for appellant; ROBERT A. STEPHENS, JR., of counsel.

WILLIAM A. MURPHY, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

This is an appeal from an order of the circuit court of Will county, denying appellant's claim for preference in the distribution of the assets of the defunct Joliet Trust & Savings Bank. The claim in question is based upon a draft in the sum of $8,583.34 drawn by the said Joliet Trust & Savings Bank on the Federal Reserve Bank of Chicago. When the draft was drawn by the aforesaid Trust & Savings Bank, the party procuring said draft had on deposit in said bank a sum of

money in excess of the amount of the draft. Certificates of deposit had issued by the Trust & Savings Bank for this deposit. These certificates were properly surrendered at the time of the issuance of the aforesaid draft. The draft was drawn on January 20, 1932, and made payable to the order of W. E. Lancaster. It was promptly deposited, and in the process of clearance reached the First National Bank of Chicago, on January 25, 1932. This bank presented the draft in due course of business, to the Federal Reserve Bank of Chicago. The Joliet Trust & Savings Bank in the meantime, and on January 23, 1932, had suspended business and subsequently appellee herein, J. E. Morrison, was appointed receiver.

The facts in this case are not in dispute and but a single question of law presents itself to this court. The question is whether the payee of a draft drawn by one bank on another is entitled to preference over general creditors of the issuing bank, where the issuing bank goes into receivership before the draft is paid, the draft having been issued in return for the surrender of certificates of deposit of the issuing bank, and when the claimant for preference is a legal holder of such draft, other than the person to whom the same issued.

Appellee urges two reasons to sustain the ruling of the lower court. First, that pars. 25–39 inclusive, ch. 16a, Cahill's St. 1931, do not apply to this transaction; and second, that appellant is not entitled to preference under the common law. The claim of appellant for a preference rests upon the provisions as contained in sec. 13 of the above Act, Cahill's St. 1931, ch. 16a, ¶ 37. The second paragraph of said section reads as follows:

"When a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank and at the time has on deposit to the credit of the maker or drawer an amount equal to

such item or items and such drawee or payor shall fail or close for business as above, after having charged such item or items to the account of the maker or drawer thereof or otherwise discharged his liability thereon but without such item or items having been paid or settled for by the drawee or payor either in money or by an unconditional credit given on its books or on the books of any other bank, which has been requested or accepted so as to constitute such drawee or payor or other bank debtor therefor, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items for the amount thereof, or for the balance payable upon a number of items which have been exchanged, and such owner or owners shall be entitled to a preferred claim upon such assets, irrespective of whether the fund representing such item or items can be traced and identified as part of such assets or has been intermingled with or converted into other assets of such failed bank.''

It will be observed by the above section that when a drawee or payor bank has presented to it for payment an item or items drawn upon or payable by or at such bank, and at the time has on deposit to the credit of the maker or drawer an amount equal to such item or items, and such drawee or payor shall fail or close for business, after having charged such item or items to the account of the maker or drawer thereof, or otherwise discharged its liability thereon, but without such item or items having been paid or settled for by the drawee or payor, that in such case, the assets of such drawee or payor shall be impressed with a trust in favor of the owner or owners of such item or items for the amount thereof. When the draft in this case was issued by the Joliet Trust & Savings Bank (the drawee and payor), more than sufficient funds were on deposit with said bank to equal the amount of the draft, and the amount of the draft was charged against such

person's account with the said Trust & Savings Bank, and its obligation to such person was at that time discharged to that extent, but the draft was not paid in money. By thus charging the account with the amount of said draft, such sum was to all effect and purposes taken from this account and held by the Joliet Trust & Savings Bank, in trust for the legal holder of such draft, to be paid to such holder when the same was presented for payment.

Appellant herein duly filed its claim with the receiver of the Joliet Trust & Savings Bank for a preferred lien or claim upon the assets of said bank because of such draft, claiming thereby a preference over general creditors in the distribution of such assets. We believe that such a procedure constituted due presentment for payment under the provisions of said sec. 13 of the above act, Cahill's St. 1931, ch. 16a, ¶ 37. This was the only method that was open to the holder of the draft, because before the same again came into his possession, the aforesaid Joliet Trust & Savings Bank had closed, and the holder took the only means available to him under the circumstances for the payment of such draft.

The trial court erred in denying appellant's claim for a preference in the distribution of the assets of the Joliet Trust & Savings Bank. Since the filing of this appeal the parties hereto by their attorneys have filed their written stipulation to the effect that appellee has paid to appellant the sum of $858.34 upon said claim, which has reduced the total of such claim to the sum of $7,725.

The decree of the circuit court of Will county is reversed and the cause is remanded to that court, with directions to enter a decree herein, granting to the appellant a preference upon its claim, subject to a deduction of $858.34.

*Reversed and remanded with directions.*